Marjorie A. Meyers, Federal Public Defender, Molly Estelle Odom, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before REAVLEY, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Ernesto Rivera–Flores has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir.2011). Rivera–Flores has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Rolando Alfredo TORRES–RIVAS,**
**Defendant–Appellant.**

**No. 13–40528**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 2014.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before REAVLEY, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Rolando Alfredo Torres–Rivas has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir.2011). Torres–Rivas has not filed a response. We have reviewed counsel's brief and the rele-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

vant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Kevorick Tivellva SHEDWIN,**
**Defendant–Appellant.**

**No. 13–50610**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

James Steven Hershberger, Midland, TX, for Defendant–Appellant.

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM: *

Kevorick Tivellva Shedwin appeals the 36–month, above-guidelines sentence imposed by the district court following the revocation of the term of supervised release imposed after Shedwin's conviction of possession with intent to distribute cocaine base. He argues that the sentence is unreasonable because, in formulating the sentence, the district court improperly considered his arrest in Odessa, Texas, and improperly considered two reports by the United States Marshals Service (USMS) that were not admitted into evidence. He also argues that the sentence is excessive.

This court ordinarily reviews sentences imposed on revocation of supervised release under a plainly unreasonable standard. *United States v. Warren,* 720 F.3d 321, 326 (5th Cir.2013). When, as here, a defendant does not preserve his objection for appeal, this court reviews revocation sentences for plain error. *Id.* To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A district "may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence." *United States v. McKinney,* 520 F.3d 425, 427 (5th Cir.2008); *see* 18 U.S.C. § 3583(e)(3). In doing so, the district court is directed to consider the relevant factors enumerated

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.